UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM MURPHY and
BEVERLY MURPHY,

    Plaintiffs,

v.                                                    Case No. 2:19-cv-00737-FtM-60MRM

THE FIRST LIBERTY INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER DENYING "PLAINTIFF'S MOTION TO REMAND TO STATE COURT AND SUPPORTING MEMORANDUM OF LAW"

This matter is before the Court on "Plaintiffs' Motion to Remand to State Court and Supporting Memorandum of Law," filed on November 14, 2019. (Doc. 15). Defendant filed a response in opposition on December 19, 2019. (Docs. 20, 21). Upon review of the motion, response, court file, and record, the Court finds as follows:

## Background

At all relevant times, Plaintiffs William and Beverly Murphy had insurance coverage under a property insurance policy with Defendant The First Liberty Insurance Company. After the insured property sustained damage from Hurricane Irma, Plaintiffs filed a claim, but Defendant determined that the covered damage to Plaintiffs' home was below the policy deductible. When Plaintiffs' repair estimate suggested otherwise, they filed a breach of contract action in state court. On October 9, 2019, Defendant removed the case to this Court.

## Legal Standard

When a civil action is brought in state court, a defendant may remove the action when the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts maintain original jurisdiction over civil actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). The removing defendant bears the burden of establishing federal jurisdiction. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008). Any doubt as to the propriety of removal is resolved in favor of remand to state court. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).[1]

## Analysis

In their motion to remand, Plaintiffs argue that Defendant has failed to establish that: (1) the parties are completely diverse, and (2) the amount in controversy exceeds $75,000.00. For the following reasons, the Court finds that Defendant has established that the Court has subject matter jurisdiction under 28 U.S.C. § 1332.

### *Diversity of Citizenship*

For a federal court to have jurisdiction over a case under § 1332, there must be "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Plaintiffs are citizens of Florida. Defendant, as a

---

[1] Fifth Circuit cases decided before October 1, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

corporation, is a citizen of (1) the state where it is incorporated and (2) the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c). Defendant asserts that it is an Illinois corporation with its principal place of business in Boston, Massachusetts. (Doc. 21).

A court determines a corporation's principal place of business by examining the "total activities" of the corporation. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005) (quoting *Bel-Bel Int'l Corp. v. Cmty. Bank of Homestead*, 162 F.3d 1101, 1106 (11th Cir. 1998)). "This analysis incorporates both the 'place of activities' test (focus on production or sales activities), and the 'nerve center' test (emphasis on the locus of the managerial and policymaking functions of the corporation)." *Id.* (quoting *Vareka Invs., N.V. v. Am. Inv. Prop., Inc.*, 724 F.2d 907, 910 (11th Cir. 1984)).

In an affidavit, Defendant's corporate representative states that Defendant's principal place of business is in Boston, Massachusetts. (Doc. 21). The record further reflects that Defendant holds its annual meetings in Boston, and its President and Secretary signed the form agreement provided to Plaintiffs in Boston. (Doc. 3-1, Page ID 280–81; Doc. 21). These facts – especially in the absence of any facts to the contrary – are sufficient to establish that Defendant's principal place of business is Massachusetts. As a result, the Court finds that the parties are completely diverse.

*Amount in Controversy*

Next, Plaintiffs argue that the amount in controversy does not exceed the jurisdictional threshold of $75,000.00. To determine the amount in controversy, the Court looks only at "how much is in controversy at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). Where, as here, the state court complaint asserts unspecified damages, Defendant "bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

The amount in controversy in this case is calculated by subtracting the deductible from the total purported damages. *See, e.g.*, *Bittorf v. Lexington Ins. Co.*, Case No. 6:18-cv-00632-Orl-37TBS, 2018 WL 2976734, at *3 (M.D. Fla. May 24, 2018), *report and recommendation adopted* 2018 WL 2970923 (M.D. Fla. June 13, 2018). Plaintiffs' purported damages are $82,534.26. Therefore, the amount in controversy, after subtracting the deductible, is $76,694.26.[2] Consequently, the amount in controversy exceeds the amount in controversy requirement.

---

[2] Defendant indicates the deductible is $3,805.29, but Plaintiff alleges it is $5,840.00. (Docs. 1, 15). In an abundance of caution, the Court considers the amount in controversy using the higher deductible.

## Conclusion

The Court finds that Defendant has met its burden to establish that the parties are completely diverse and that the amount in controversy exceeds $75,000.00. Therefore, the motion to remand is denied.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED:**

1. "Plaintiffs' Motion to Remand to State Court and Supporting Memorandum of Law" (Doc. 15) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this 2nd day of March, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**